# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

FILED
2016 JUN 21 P 3: 13
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

---

UNITED STATES OF AMERICA,

V.

KIA ZOLFAGHARI, KING EDWARD HARRIS II, and CANDELARIA DAGANDAN VAZQUEZ,

**CR 16 259**    SI

DEFENDANT(S).

---

## INDICTMENT

21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Fentanyl;
21 U.S.C. § 841(a)(1) – Distribution and Possession with Intent to Distribute Fentanyl;
18 U.S.C. § 924(c) – Using, Carrying, or Possessing a Firearm During and in Relation to a Drug Trafficking Crime;
21 U.S.C. § 853 and 18 U.S.C. § 924(d) – Forfeiture

---

A true bill.

_____ Foreman

Filed in open court this 21st day of June, 2016.

_____ Clerk

Bail, $ No process

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

See Attachment A

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment A

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**DEFENDANT - U.S**

▶ Kia Zolfaghari

DISTRICT COURT NUMBER

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

CR 16-70699

Name and Office of Person Furnishing Information on this form    Brian J. Stretch

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Rita Lin

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge

5) ☐ On another conviction  } ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____

Or... If Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT      Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

## Attachment A
## Indictment
## United States v. Kia Zolfaghari

| | |
|---|---|
| Count One | 21 U.S.C. § 846 – Conspiracy to Manufacture, to Possess With Intent to Distribute, and to Distribute 40 Grams or More of Fentanyl |
| Counts Two, Three, Four, and Seven | 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) – Distribution and Possession With Intent to Distribute Fentanyl |
| Counts Five and Six | 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) – Distribution and Possession With Intent to Distribute 40 Grams or More of Fentanyl |
| Count Eight | 18 U.S.C. § 924(c) – Using, Carrying, or Possessing a Firearm During and in Relation to a Drug Trafficking Crime |

Counts Two through Four, and Seven: For each count, Maximum 20 Years Imprisonment; Maximum Fine of $1,000,000 or twice the gain or loss; Minimum Supervised Release of 3 Years; Maximum Supervised Release of Life; Mandatory $100 Special Assessment; Potential Deportation; Mandatory and Discretionary Denial of Federal Benefits.

Counts One, Five and Six: For each count, Minimum 5 Years Imprisonment; Maximum 40 Years Imprisonment; Maximum Fine of $5,000,000 or twice the gain or loss; Minimum 4 Years Supervised Release; Maximum Supervised Release of Life; Mandatory $100 Special Assessment; Potential Deportation; Mandatory and Discretionary Denial of Federal Benefits.

Count Eight: Minimum 5 Years Imprisonment to Run Consecutively to Any Other Term of Imprisonment Imposed; Maximum Fine of $250,000; Maximum Supervised Release of 5 Years; Mandatory $100 Special Assessment; Potential Deportation; Mandatory and Discretionary Denial of Federal Benefits.

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

See Attachment A

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment A

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN FRANCISCO DIVISION

**DEFENDANT - U.S**
▶ King Edward Harris II

DISTRICT COURT NUMBER

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

CR 16-70699

Name and Office of Person Furnishing Information on this form   Brian J. Stretch
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Rita Lin

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
Northern District of California

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction  } ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT   Bail Amount:
If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:   Before Judge:

Comments:

## Attachment A
## Indictment
## United States v. King Edward Harris II

| | |
|---|---|
| Count One | 21 U.S.C. § 846 – Conspiracy to Manufacture, to Possess With Intent to Distribute, and to Distribute 40 Grams or More of Fentanyl |
| Counts Two, Three, and Four | 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) – Distribution and Possession With Intent to Distribute Fentanyl |
| Counts Five and Six | 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) – Distribution and Possession With Intent to Distribute 40 Grams or More of Fentanyl |

Counts Two through Four: For each count, Maximum 20 Years Imprisonment; Maximum Fine of $1,000,000 or twice the gain or loss; Minimum Supervised Release of 3 Years; Maximum Supervised Release of Life; Mandatory $100 Special Assessment; Potential Deportation; Mandatory and Discretionary Denial of Federal Benefits.

Counts One, Five and Six: For each count, Minimum 5 Years Imprisonment; Maximum 40 Years Imprisonment; Maximum Fine of $5,000,000 or twice the gain or loss; Minimum 4 Years Supervised Release; Maximum Supervised Release of Life; Mandatory $100 Special Assessment; Potential Deportation; Mandatory and Discretionary Denial of Federal Benefits.

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

---- OFFENSE CHARGED ----

See Attachment A

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment A

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN FRANCISCO DIVISION

---- DEFENDANT - U.S ----

▶ Candelaria Dagandan Vazquez

DISTRICT COURT NUMBER

---- PROCEEDING ----

Name of Complaintant Agency, or Person (& Title, if any)
DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

CR 16-70699

Name and Office of Person Furnishing Information on this form   Brian J. Stretch
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Rita Lin

---- DEFENDANT ----

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
Northern District of California

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No   } If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

**Attachment A**
**Indictment**
**United States v. Candelaria Dagandan Vazquez**

| | |
|---|---|
| Count One | 21 U.S.C. § 846 – Conspiracy to Manufacture, to Possess With Intent to Distribute, and to Distribute 40 Grams or More of Fentanyl |
| Count Seven | 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) – Distribution and Possession With Intent to Distribute Fentanyl |

Count One: Minimum 5 Years Imprisonment; Maximum 40 Years Imprisonment; Maximum Fine of $5,000,000 or twice the gain or loss; Minimum 4 Years Supervised Release; Maximum Supervised Release of Life; Mandatory $100 Special Assessment; Potential Deportation; Mandatory and Discretionary Denial of Federal Benefits.

Count Seven: Maximum 20 Years Imprisonment; Maximum Fine of $1,000,000 or twice the gain or loss; Minimum Supervised Release of 3 Years; Maximum Supervised Release of Life; Mandatory $100 Special Assessment; Potential Deportation; Mandatory and Discretionary Denial of Federal Benefits.

BRIAN J. STRETCH (CABN 163973)
United States Attorney

FILED
2016 JUN 21 P 3: 13
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16 259 SI |
| Plaintiff, | |
| v. | VIOLATIONS: 21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Fentanyl; 21 U.S.C. § 841(a)(1) – Distribution and Possession with Intent to Distribute Fentanyl; 18 U.S.C. § 924(c) – Using, Carrying, or Possessing a Firearm During and in Relation to a Drug Trafficking Crime; 21 U.S.C. § 853 and 18 U.S.C. § 924(d) – Forfeiture |
| KIA ZOLFAGHARI, KING EDWARD HARRIS II, and CANDELARIA DAGANDAN VAZQUEZ, | |
| Defendants. | SAN FRANCISCO VENUE |

I N D I C T M E N T

The Grand Jury charges:

COUNT ONE:    (21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess With Intent to Distribute 40 Grams or More of Fentanyl)

On a date unknown to the Grand Jury, but no later than November 14, 2015, and continuing through at least June 10, 2016, both dates being approximate and inclusive, in the Northern District of California, the defendants

KIA ZOLFAGHARI,
KING EDWARD HARRIS II, and
CANDELARIA DAGANDAN VAZQUEZ,

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to manufacture, distribute, and possess with intent to distribute a Schedule II controlled substance, to wit,

1

40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and 841(b)(1)(B)(vi).

COUNT TWO:  (21 U.S.C. § 841(a)(1) – Distribution and Possession With Intent to Distribute Fentanyl)

On or about December 10, 2015, in the Northern District of California, the defendants

KIA ZOLFAGHARI and
KING EDWARD HARRIS II

did knowingly and intentionally distribute and possess with intent to distribute a Schedule II controlled substance, to wit, a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT THREE:  (21 U.S.C. § 841(a)(1) – Distribution and Possession With Intent to Distribute Fentanyl)

On or about February 17, 2016, in the Northern District of California, the defendants

KIA ZOLFAGHARI and
KING EDWARD HARRIS II

did knowingly and intentionally distribute and possess with intent to distribute a Schedule II controlled substance, to wit, a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT FOUR:  (21 U.S.C. § 841(a)(1) – Distribution and Possession With Intent to Distribute Fentanyl)

On or about February 25, 2016, in the Northern District of California, the defendants

KIA ZOLFAGHARI and
KING EDWARD HARRIS II

did knowingly and intentionally distribute and possess with intent to distribute a Schedule II controlled substance, to wit, a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT FIVE:   (21 U.S.C. § 841(a)(1) – Distribution and Possession With Intent to Distribute 40 Grams or More of Fentanyl)

On or about April 12, 2016, in the Northern District of California, the defendants

KIA ZOLFAGHARI and
KING EDWARD HARRIS II

did knowingly and intentionally distribute and possess with intent to distribute a Schedule II controlled substance, to wit, 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

COUNT SIX:   (21 U.S.C. § 841(a)(1) – Distribution and Possession With Intent to Distribute 40 Grams or More of Fentanyl)

On or about May 18, 2016, in the Northern District of California, the defendants

KIA ZOLFAGHARI and
KING EDWARD HARRIS II

did knowingly and intentionally distribute and possess with intent to distribute a Schedule II controlled substance, to wit, 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

1  COUNT SEVEN:        (21 U.S.C. § 841(a)(1) – Distribution and Possession With Intent to Distribute
2                      Fentanyl)

3      On or about May 23, 2016, in the Northern District of California, the defendants

4                              KIA ZOLFAGHARI and
                            CANDELARIA DAGANDAN VAZQUEZ
5

6  did knowingly and intentionally distribute and possess with intent to distribute a Schedule II controlled

7  substance, to wit, a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-

8  phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, in violation of Title 21,

9  United States Code, Sections 841(a)(1) and 841(b)(1)(C).

10

11 COUNT EIGHT:        (18 U.S.C. § 924(c) – Using, Carrying, or Possessing a Firearm During and in
                       Relation to a Drug Trafficking Crime)
12

13     On or about June 10, 2016, in the Northern District of California, the defendant,

14                                     KIA ZOLFAGHARI,

15 did knowingly use, carry, and possess a Smith & Wesson brand, model M&P, 9mm caliber handgun,

16 bearing serial number HKA1781, during and in relation to, and in furtherance of, a drug trafficking

17 crime for which he may be prosecuted in a court of the United States, that is, possession with intent to

18 distribute and attempted distribution of a mixture and substance containing a detectable amount of N-

19 phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, commonly known as fentanyl, all in

20 violation of Title 18, United States Code, Section 924(c)(1)(A).

21

22 FORFEITURE ALLEGATION:        (21 U.S.C. § 853(a); 18 U.S.C. § 924(d) – Criminal Forfeiture)

23     1.      The factual allegations contained in Counts One through Eight of this Indictment are

24 hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture

25 pursuant to the provisions of 21 U.S.C. § 853(a) and 18 U.S.C. § 924(d).

26     2.      Upon a conviction for any of the offenses alleged in Counts One through Eight, the

27 defendants,

28                                     KIA ZOLFAGHARI,

4

KING EDWARD HARRIS II, and
CANDELARIA DAGANDAN VAZQUEZ,

shall forfeit to the United States all right, title and interest in any property constituting and derived from any proceeds the defendants obtained, directly or indirectly, as a result of said violations; and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of said violations, including but not limited to:

    a.    a sum of money equal to the total value of proceeds and property used, or intended to be used, to commit or to facilitate the commission of the said offense;

    b.    a Smith & Wesson brand, Model M&P, 9mm caliber handgun, bearing serial number HKA1781, seized on June 10, 2016, from a satchel carried by KIA ZOLFAGHARI;

    c.    a Glock brand, Model 17, 9mm caliber handgun, bearing serial number ZET005, seized on June 10, 2016, from KIA ZOLFAGHARI's and CANDELARIA DAGANDAN VAZQUEZ's residence at 2401 44th Avenue, Unit #6, San Francisco, California;

    d.    all ammunition seized on June 10, 2016, from KIA ZOLFAGHARI's and CANDELARIA DAGANDAN VAZQUEZ's residence at 2401 44th Avenue, Unit #6, San Francisco, California;

    e.    $44,136.00 in U.S. currency seized on June 10, 2016, from KIA ZOLFAGHARI's and CANDELARIA DAGANDAN VAZQUEZ's residence at 2401 44th Avenue, Unit #6, San Francisco, California;

    f.    2015 white Audi sedan, with paper dealer plates, and vehicle identification number (VIN) WUAC6AFRXFA901213, seized on June 10, 2016 from the garage associated with 2401 44th Avenue, Unit #6, San Francisco, California.

3.    Upon conviction for any of the offenses alleged in Counts One through Eight, the defendants,

KIA ZOLFAGHARI,

KING EDWARD HARRIS II, and
CANDELARIA DAGANDAN VAZQUEZ,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all right, title, and interest in any firearm and ammunition involved in or used in any violation of said offenses, including but not limited to:

    a. a Smith & Wesson brand, Model M&P, 9mm caliber handgun, bearing serial number HKA1781, seized on June 10, 2016, from a satchel carried by KIA ZOLFAGHARI;

    b. a Glock brand, Model 17, 9mm caliber handgun, bearing serial number ZET005, seized on June 10, 2016, from KIA ZOLFAGHARI's and CANDELARIA DAGANDAN VAZQUEZ's residence at 2401 44th Avenue, Unit #6, San Francisco, California; and

    c. all ammunition seized on June 10, 2016, from KIA ZOLFAGHARI's and CANDELARIA DAGANDAN VAZQUEZ's residence at 2401 44th Avenue, Unit #6, San Francisco, California.

4. If, as a result of any act or omission of the defendants, any of said property

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

any and all interest defendants have in any other property (not to exceed the value of the above forfeitable property) shall be vested in the United States and forfeited to the United States.

//
//
//
//

1 | All in violation of 21 U.S.C. § 853(a) and (p), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules
2 | of Criminal Procedure.

4 | DATED: June 21st, 2016          A TRUE BILL.

6 |                                 _____
                                    FOREPERSON

7 | BRIAN J. STRETCH
8 | United States Attorney

9 | _____
10 | DAVID R. CALLAWAY
    | Chief, Criminal Division

12 | (Approved as to form: _____)
13 | RITA F. LIN
    | Assistant United States Attorney

7